IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN L. SEALEY <br> P.O. BOX 391603 <br> SOLON, OHIO 44139 <br><br> PLAINTIFF, <br><br> V. <br><br> TAMARA A. STIDHAM (Senior Vice Pres.) <br> KELLY S. KING (Chief Executive Officer) <br> BRANCH BANKING AND TRUST COMPANY <br> 200 WEST SECOND STREET <br> WINSTON-SALEM, NC 27101 <br><br> EDWARD A. R. MILLER (MIL133) <br> JONES WALKER, LLP <br> RSA BATTLE HOUSE TOWER <br> 11 NORTH WATER ST., SUITE 1200 <br> MOBILE, AL 36602 <br><br> RICHARD A. WRIGHT Esq. <br> JONES WALKER, LLP <br> RSA BATTLE HOUSE TOWER <br> 11 NORTH WATER ST., SUITE 1200 <br> MOBILE, AL 36602 <br> DOE'S 1-50 being parties to be named later | RECEIVED <br><br> 2014 OCT -7  P 2: 11 <br><br> DEBRA P. HACKETT, CLK <br> U.S. DISTRICT COURT <br> MIDDLE DISTRICT ALA <br><br> Civil Action No.: 2:14-CV-1036-MHT-WC |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendants Tamara A. Stidham, Kelly S. King, Branch Banking and Trust Company, Edward A. R. Miller, and Richard A. Wright (collectively, the "Defendants") hereby remove this action from the Circuit Court of Crenshaw County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. In support of this notice, the Defendants state as follows:

## I.     THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

2. The Defendants remove this action to the United States District Court on the grounds that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has "federal question" jurisdiction over this dispute because the plaintiff's complaint asserts claims which arise under the laws of the United States.

3. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b). The summons and complaint were served upon Defendants on September 8, 2014. True and correct copies of all process, pleadings, and orders served on all served defendants are attached hereto as Exhibit A.

4. Because this Notice of Removal is filed within thirty (30) days of the first receipt by any removing defendant of the summons and complaint in this action, by service or otherwise, it is timely under 28 U.S.C. § 1446(b). This action could have been brought in this Court pursuant to 28 U.S.C. § 1331. This action arises under and presents substantial questions of federal law, including without limitation the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226 *et seq.*; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*

5. The United States District Court for the Middle District of Alabama, Northern Division, is the federal district court for the district embracing the place where the state court proceeding is pending.

6.    All served defendants who are required to join in or consent to this removal have joined in and consented to this removal.

## II.    THIS COURT HAS FEDERAL QUESTION JURISDICTION

7.    This action arises under and presents substantial questions of federal law under the FDCPA, 15 U.S.C. §§ 1692-1692p; TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226 *et seq.*; and RESPA, 12 U.S.C. § 2601 *et seq.* That plaintiff's claims in this action arise under federal law is apparent from the face of the complaint.

8.    Plaintiff offers a statement of "Jurisdiction and Venue" in the complaint at ¶ 1 stating "[f]urther Plaintiff brings this action under the Real Estate Settlement Procedure Act, 12, U.S.C. § 1201, et seq., the Federal Truth in Lending Act 15 U.S.C. § 1601et seq., Regulation Z § 226.2 (11) And Act 15 U.S.C. § 1692, Fair Debt Collection Practices Act. Plaintiff also brings this main action through civil RICO statute."[1]

9.    Plaintiff states in ¶ 2 of the complaint that "[t]his action is brought within the constraints of 42 U.S.C. § 1983..."

10.   Indeed, plaintiff makes similar allegations in ¶4 wherein he cites to 28 U.S.C. § 1391.

11.   This Court also has jurisdiction over the claims in the remaining counts under 28 U.S.C. § 1367, because these claims arise out of the same operative facts as the plaintiffs' federal claim asserted in ¶¶ 1, 2, and 4, and "form part of the same case or controversy under Article III of the United States Constitution." Removal of this entire cause is therefore proper under 28 U.S.C. § 1441(c).

---

[1]    Undersigned counsel has recreated plaintiff's syntax verbatim.

## III. CONCLUSION

12. Because this cause of action arises under the laws of the United States, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and removal of this entire cause is therefore proper under 28 U.S.C § 1441(c).

13. In the event that Plaintiff files a request for remand, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit additional argument or evidence as may be appropriate in support of removal.

WHEREFORE, premises considered, the Defendants file this Notice of Removal and removes the civil action to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

Kary B. Wolfe (WOLFE5034)
Edward A. R. Miller (MILLE7815)
Attorneys for Defendants

OF COUNSEL:

Jones Walker LLP
RSA Battle House Tower
11 North Water Street, Suite 1200
Mobile, Alabama 36602
Telephone: (251) 432-1414
E-mail: kwolfe@joneswalker.com
emiller@joneswalker.com

## CERTIFICATE OF SERVICE

I certify that on October 6, 2014, I filed a copy of the foregoing via Federal Express. I further certify that I served a copy of the foregoing via U.S. mail, first class, postage prepaid on

Melvin L. Sealey
P.O. Box 391603
Solon Ohio 44139

I further certify that I e-mailed the foregoing to plaintiff's verified e-mail address of mltmsea@yahoo.com.

Edward A. R. Miller