IN THE CIRCUIT COURT OF CRENSHAW COUNTY, ALABAMA

| | |
|---|---|
| Melvin L. Sealey<br>P.O. Box 391603<br>Solon, Ohio 44139<br><br>    Plaintiff,<br><br>v.<br><br>TAMARA A. STIDHAM (Senior Vice Pres.)<br>KELLY S. KING (Chief Executive Officer)<br>BRANCH BANKING AND<br>TRUST COMPANY<br>200 WEST SECOND STREET<br>WINSTON-SALEM, NC 27101<br><br>EDWARD A.R. MILLER (MIL133)<br>JONES WALKER, LLP<br>RSA BATTLE HOUSE TOWER<br>11 NORTH WATER ST. SUITE 1200<br>MOBILE, ALABAMA 36602<br><br>RICHARD A. WRIGHT Esq.<br>JONES WALKER, LLP<br>RSA BATTLE HOUSE TOWER<br>11 NORTH WATER ST. SUITE 1200<br>MOBILE, ALABAMA 36602<br>DOE'S 1-50 being parties to be named later<br><br>    Defendants, | Civil Action Case No.: CN-14-16<br><br>**COMPLAINT**<br><br>FOR EMERGENCY INJUNTIVE AND DECLARATORY RELIEF AND TO STAY FORECLOURE SALE. Parcel #20-02-04-0-000-004 - 001 LOCATED IN CRENSHAW COUNTY ALABAMA. |

  Comes now Plaintiff Melvin L. Sealey Sui Juris in his Propria Persona, who is unschooled in law and respectfully request this Honorable Court to take judicial notice of the enunciation of the principles as stated in *Haines v. Kerner, 404 U.S.*, wherein the court has directed that those who are unschooled in law making pleading or complaint, shall have the court look to the substance of the pleading rather than the form, including the related document

herewith "The Complaint". Plaintiffs sue Defendants for emergency injunctive and declaratory relief and to stay an imminent foreclosure sale and further states as follows;

## NATURE OF ACTION

This case arises out of Defendants' egregious and ongoing and far reaching an apparent fraudulent schemes for improper use of Plaintiff's identity, an appearance of fraud in the inducement, in the Execution, Usury and breaches of contractual and fiduciary obligations as alleged Mortgagee or "Trustee" on the Deed of Trust, "Mortgage Broker," "Loan Originators," "Loan Sellers," "Mortgage Aggregator," "Trustee of Pool Assets," "Trustee or Officers of structured Investment Banker," "Special Servicer" and Trustee, respectively, of certain Mortgage Loans pool together in a trust fund.

## JURISDICTION AND VENUE

¶1.     This Court has jurisdiction over the subject matter of this action pursuant to Article III § 2, U.S. Constitution, 42 U.S.C §§ 1983, 1985 and 1986 (failure to prevent) as Conferred by the U.S. Constitution 28 U.S.C. §§ 1331 and 1343 under 1st, 4th, 5th, 6th, 8th, and 14 Amendments. This action involves Constitutional charges, grounds, questions, and jurisdiction is supplemented by 28 U.S.C. § 1367 (a) and challenges the Constitutional violation of state and federal law, procedure and practice by state and federal officials and officers of this Court. Further Plaintiff brings this action under the Real Estate Settlement Procedure Act, 12, U.S.C. § 1201, et seq., the Federal Truth in Lending Act 15 U.S.C. § 1601et seq., Regulation Z, § 226.2 (11) And Act 15 U.S.C. § 1692, Fair Debt Collection Practices Act. Plaintiff also bring this main action through civil RICO statute.

¶2.     This action is brought within the constraints of 42 U.S.C. § 1983 and particularly under the continuing organization and/or entities complicity with the appearance of fraud scope,

central to this Complaint.

¶3. Plaintiff respectfully request an Administrative Judge to preside over this matter so that Plaintiff may exhaust all of his administrative remedies.

¶4. Venue is proper under of 28 U.S.C. § 1391 because the parties are either resident of the State of Alabama and the United States, or Corporations under the personal jurisdiction of the State of Alabama.

## PARTIES

¶5. Plaintiff Melvin L. Sealey is a citizen of the United States and a resident of the State of Ohio. Plaintiff is a "Consumer" and "Natural person" for the purpose of this Complaint within the meaning of The Federal Truth in Lending Act 15 U.S.C. § 1601et seq., Regulation Z § 226 (11) And Act 15 U.S.C. § 1692, Fair Debt and Collection Practices Act.

¶6. Defendant Branch Banking and Trust Company (hereinafter BB&T) is a nominal lender and originator of the alleged Debt which is the subject matter. BB&T was/is, at all material times hereto, a foreign corporation which was/is doing business in the State of Alabama including the purchases, assignments of certain assets of mortgage loans which in instance, further constituted the collection of consumer debts subject to the provisions of the Federal Truth in Lending Act 15 U.S.C. § 1602 (f) and the Fair Debt Collection Practices Act 15 U.S.C. § 1692a and is a "Creditor" and "Collector "as defined.

¶7. Defendant Tamara A. Stidham (hereinafter Chief Executive Officer) of BB&T is a "Collector" as defined under the Fair Debt and Collections Practices Act and is in regular practice and collection of consumer debt pursuant to 15 U.S.C. § 1692. Defendant is thus subject to the provision of a "Collector" as defined by the Federal Truth in Lending Act 15 U.S.C. §

1602 (f).

Upon information and belief a Chief Executive Officer is employed by BB&T.

¶8.    Defendant Edward A. R. Miller –MIL133 (hereinafter "Debt Collector") is a "collector" as defined under the Fair Debt and Collection Practices Act and is in regular practice and collections of consumer debts pursuant to 15 U.S.C. § 1692. Defendant is thus subject to the provision of a "Collector" as defined by the Federal Truth in Lending Act 15 U.S.C. § 1602 (f). Upon information is a principal in both Jones Walker LLP.

¶9.    Defendant Richard A. Wright Esq. (hereinafter "Debt Collector") is a "collector" as defined under the Fair Debt and Collection Practices Act and is in regular practice and collections of consumer debts pursuant to 15 U.S.C. § 1692. Defendant is thus subject to the provision of a "Collector" as defined by the Federal Truth in Lending Act 15 U.S.C. § 1602 (f). Upon information is a principal in both Jones Walker LLP.

¶10.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOEs 1-50, inclusive, and therefore bring suit against these Defendants by such fictitious names, Plaintiff will amend this Complaint to allege their true names as ascertained. Including but not limited to the Officers of the Federal Deposit Insurance Corporation (hereinafter the "FDIC").

## BACKGROUND MATERIAL FACTS & ALLEGATIONS

¶11.   November of 2009 Plaintiff was in communication with Mr. Jarod Griffin and Erika Means representatives for BB&T, regarding loans closed in the name of Colonial Bank on or after August 17, 2009. (See Plaintiff's record 05/28/2010 in the Court of Crenshaw pg 391)

¶12.   December of 2009 Plaintiff receive an improper response for verification of alleged debt

and serve the above representatives a **Notice of Conditional Acceptance**, pursuant to Administrative Procedure Act, 5 U.S.C. § 552 and 552a seq. (See Crenshaw Court Records 05/28/2010 pg. 395).

¶13. December of 2009 Plaintiff was offered a loan by BB&T date December 4, 2009 whereas the plaintiff requested full disclosure of the facts relating to the loan offer or alleged thereof. (See Crenshaw Court records 07/02/20/, VAR book AK, pg 421.)

¶14. January of 2010 Plaintiff request for verification of the origin of a certain loan was improperly answer by Tamara A. Stidham alleged (Senior Vice President) for BB&T. See Crenshaw Court 07/02/2010 Pg. 417). Which states in parts "as of yet I do not have a loan with BB&T, page 1 ¶ 2.

¶15. January of 2010 Plaintiff provided BB&T representatives with an AFFIDAVIT of a Notice of None Response, to Plaintiff Conditional Acceptance Offer. (See Crenshaw Court record 02/19/2010 BK., AK, PG 318.)

¶16. February of 2010 Plaintiff served Tamara A. Stidham BB&T (senior vice president) a **Notice Of Fault With The Opportunity To Cure**, which states in parts Affiant's enclosed Affidavit is an attempt to settle and close the matter in reference to the alleged note/mortgage No.:8040355398.Whereas no response and/or verification of alleged debt was ever receive by the Plaintiff, that's in direct violation of the Fair Debt and Collections Practices Act.

¶17. March of 2010 Plaintiff served Tamara A. Stidham BB&T (senior vice president) a **Notice of Default With The Opportunity To Cure.** Sent by a notary acceptor to which no response had ever been receive by the Notary witness, of all communication with BB&T alleged representatives, of Plaintiff original Conditional Acceptance Offer, and request for verification

of alleged debt. (See. Crenshaw Court Record 05/06/2010, BK, AK, PG 362).

¶18.   April of 2010 Plaintiff served BB&T alleged Senior Vice President a **Notice of Default with Opportunity to Settle,** once again notice goes unanswered or alleged debt verify. Which states in parts, Admitted Responses to Inquires; *The Administrative record for Melvin Lewis Sealey's Conditional Acceptance Offer, in reference to note No. 8040355398, as identified in statement 1-20 above, shows that, all of the Inquires in said file been agree to (Admitted/Acknowledged) by tacit procuration by BRANCH BANKING & TRUST, its Successors, Assignees and Officers for failure/refusal or choice, and now are accepted by the Affiant (Sealey) as evidence for Settlement and closure as stated by the undersigned".* (See. Crenshaw Court Record 05/28/2010 BK, AK, PG 383).

¶19.   July of 2010 Plaintiff served via Notary Acceptor **Notice of Settlement and Closure** to BB&T, Senior Vice President and Chief Financial Officer, Re: alleged Note No.:8040535398, which states in parts, *Affiant also ran a legal posting in the Luverne Journal that ran from June 3, through June 17, and no response was ever received from any qualified institutional banker representing Branch Banking & Trust its* Successors, Assignees, Officers or any other Creditors, should be barred from all rights, claims and liens if any of any kind forever in reference to Original Note No.:8040355398 and said Property for their non reponse. (See. Crenshaw Court Record 07/26/2010 BK, AK PG 442).

¶20.   September of 2010 Plaintiff communicated with Defendant Richard A. Wright the (debt collector) in writing regarding BB&T position having defaulted on verification of alleged debt since July 15, 2010, whereas Plaintiff had a Public notice posted since June 3, 2010, and no qualify representative for BB&T ever acknowledged any interest in the property and/or land currently unlawfully in your possession.

¶21. August 2011 Plaintiff responded to Defendant Richard A. Wright the (debt collector) letter dated July 29, 2011, for demand of payment on a alleged debt with a **Notice of Debt Collector Disclosure Statement,** pursuant to Fair Debt Collection Practices Act, 15 USC §1692g, applicable portions of Truth in Lending(Regulation Z), 12 CFR 226. Whereas no respond from the Defendant was ever receive by the Plaintiff for verification of alleged Debt.

¶22. August of 2011 Plaintiff communicate in writing with Defendant Tamara A. Stidham (senior vice president) of BB&T regarding letter date July 29, 2011 demanding payment on loan no.:964182436-1, whereas all previous unanswered correspondence requested verification of all and any debt associated with Plaintiff property, would have solve any confusion and/or deception by all BB&T representatives who continue to violate the Fair Debt Collection Practices Act.

¶23. June of 2013 Plaintiff communicated in writing with Defendant Edward A.R. Miller the (Debt Collector) regarding the alleged loan no.:964182436-1, Conditionally Accepted the alleged debt upon proof of claims, whereas Plaintiff **Conditional Acceptance Notice,** states in parts; " *If you fail to notify me with proof of your claim of ownership as outlined in this notice within thirty days I will assume you have no proof of your claim thereby forfeiting your claims.*" (See. Crenshaw Court Records BK, AL, PG 280, 07/02/2013

¶24. June 2013 Plaintiff communicated in writing with Defendant Edward A.R. Miller the (debt collector) an Affidavit of Truth regarding the alleged unverified debt loan no.: 964182436-1, which states in part; *"What I am asking is the same thing BB&T asked of me in this Affidavit and also in my Conditional Acceptance Request, is to please verify the indebtedness by way of a completed **Affidavit of Indebtedness** along with producing the original alleged loan/note No.:964182436-1...."* Pursuant to the Fair Debt Collections Practices Act. (See. Crenshaw Court

Record BK, AL, PG 276, 07/02/2013).

¶25.    June of 2013 Plaintiff Communicate in writing with Defendant Edward A.R. Miller (debt collector& counsel for defendant BB&T) and served him an Affidavit of Truth, regarding Notice of unlawful sale of Parcel #20-02-04-0-000-004-001, Located in Crenshaw Alabama, belonging to the Plaintiff, which states in parts; " *Since on or about November 19, 2009 the Recorded Record will reflect that I have had no lawful response from my correspondences to defendant Edward A. R. miller of Jones Walker LLP (Debt Collector/Counsel) or Branch Banking &Trust (BB&T).... For my review to clarify and verify lawful ownership of the alleged Note... pursuant to RESPA and Debt Collectors Act."* (See. Crenshaw Court Record BK, AL,PG 567, 07/07/2014)

¶26.    June of 2013 Plaintiff communicated in writing with Defendant Edward A.R. Miller by way of an Affidavit of Truth, which states in parts; *"This Affidavit is being sent to all parties concerning the demand of payment by Edward A.R. Miller of Jones Walker LLP attorney for BB&T for the unverified loan/note No. 964182436-1, and the unlawful attempt to sell Parcel #20-02-04-0-00-004-001- located in Crenshaw County Alabama Belonging to Melvin Lewis Sealey".* (Plaintiff in this instant case) (See. Crenshaw Court record Bk, AL, PG 289 07/02/2013)

¶27.    July of 2013, Plaintiff communicated in writing with Defendant Edward A.R. Miller the (Debt Collector) of Jones, Walker LLP, with an Affidavit of Truth regarding BB&T position since no authorize representative for BB&T ever responded to Plaintiff Conditional Acceptance notice form the origination of their claims to be in possession of certain loans. Plaintiff states in parts; *"at this time I am informing you Mr. Miller and your Client BB&T that you both have caused my family and I many hardship in the past four (4) years, mentally, financially and also*

*publicly in the local newspaper in a small town with two foreclosure sales."* (See. Crenshaw Court Record BK, AL, PG 329 09/03/2013).

¶28. July of 2013, Plaintiff communicated in writing with Defendant Edward A.R. Miller (Attorney for Defendant BB&T), regarding a certain loan/note number which states in parts; *"Mr. Miller please help me understand how an alleged loan dated and recorded in 2004, now has a written number on it from the year 2009 the year BB&T claims to have assumed "CERTAIN LIABITIES"' I think this is a reasonable request unless BB&T has something to hide."* (See. Crenshaw Court Record bk, Al, pg 333, 09/ 03/ 2013)

¶29. August of 2013 Plaintiff communicated in writing with Defendant Edward A.R. Miller (Attorney for BB&T) by way of an AFFIDAVIT OF TRUTH that states in parts; " Mr. Miller its become obvious to me that you are purposely avoiding my questions, you and your client BB&T have not yet lawfully responded to my questions contained in my request (RESPA) or my four (4) Affidavit of Truth thereby you have forfeited all alleged rights and claims as stated in the Affidavit,

¶30. Plaintiff at all time communicated with the Defendant since 2009 and continuing by United States Post Services, Certified mail, "Before the presumption of the receipt of a letter by the addressee arises, the evidence must affirmatively show the letter was written, properly addressed and stamped and mailed." W.T. Rawleigh Medical Co. v Burney, 102 S.E. 358 (Ga. App.1920). "Moreover, where the presumption mentioned above does arise, it is rebuttable, and is entirely overcome by the uncontradicted evidence of the addressee that the letter was never received by him, unless there is aliunde evidence that it was in fact received."

¶31. Plaintiff's recognizes a cause of action for wrongful foreclosure, which requires a

showing of the following: (1) the lender owed a duty to the alleged debtor; (2) this duty was breached; (3) the breach caused harm; and (4) damages were incurred. See *All Fleet Refinishing, Inc. v. West Georgia Nat.Bank,* 280 Ga. App. 676 (2006); *Nicholson v. One West Bank,* 2010 WL 2732325 (N.D.Ga.2010). The cause of action may be based upon fraud, intentional tort, negligence, breach of contract by the creditor, or intentional failure to comply with a statutory duty. See *Gilbert v. Cherry,* 136 Ga. App.417 (1975); *Hauf v. Home Servicing Corp.,* 2007 WL 486699 (M.D.Ga. 2007); *Curl v. Fed. Sav. and Loan Ass'n of Gainsville, 241 Ga. 29 (1978);* Roylston v. Bank of America,*N.A.290 Ga.App.556 (2008).*

## Count I: EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

A. Plaintiff reaffirm and reallege paragraphs 1 through 31 hereinabove as if set forth below more fully herein below.

¶32.   This is an action for emergency temporary and permanent injunctive relief which is brought pursuant to applicable laws of the State of Alabama and Federal laws.

¶33.   Plaintiff has no adequate remedy at law to redress the harm complained of, and the sale of the Plaintiffs' property, under the circumstances of record, is contrary to equity and good conscience in that such sale is/was instituted by parties who have/had no legal standing to institute or maintain the foreclosure ab initio.

¶34.   The specific facts set forth in this Complaint demonstrate that unless an emergency temporary injunction against the foreclosure that took place in July 19, 2014, is not granted that Plaintiff will suffer the irreparable injury, loss, and damages of the loss of his land and eviction therefrom.

¶35.   Under the circumstances where the unlawful foreclosure sale that occur, from the date of the filing of this Complaint, the irreparable loss to the Plaintiffs will result if the emergency

relief requested herein is not granted immediately.

¶36.  As Defendant BB&T has/had no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendant with the granting of the requested relief, and any claim harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted.

¶37.  The granting of the relief requested herein is in the public interest, as the consuming public, including Plaintiff, will continue to be harm by the illegal and unlawful conduct of the Defendant BB&T if the relief requested herein is not granted.

¶38.  Under the circumstances where there is no harm to Defendant BB&T with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no cost or damages which could be contemplated on the part of Defendant BB&T with the granting of the requested relief for which a bond would otherwise be necessary.

¶39.  WHEREFORE, Plaintiffs respectfully request that this Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding and cancelling the foreclosure sale and sale presently scheduled for the reason set forth herein, and for any other and further relief which is just and proper.

## COUNT II: DECLARATORY RELIEF

¶40.  Plaintiff reaffirm paragraphs 1 through 31 hereinabove as if, set forth more fully herein below.

¶41.  This is an action for declaratory relief which being brought pursuant to applicable laws to declare that Defendant BB&T has/had no legal or equitable rights in the Note or Mortgage for

purposes of foreclosure and that said Defendant has/had no legal standing to institute or maintain foreclosure on the Property.

¶42. Plaintiffs have no adequate or alternative remedy at law with reference to the relief requested herein.

¶43. As set forth above, Defendant BB&T does not or did not possess the requisite legal rights to foreclose on the Property.

¶44. As set forth above, Defendant BB&T has provided no evidence that it has or had full legal interest in and title to the Mortgage, and has provided no evidence that it has or had any interest in the Note.

¶45. The declaration by this Court that Defendant BB&T has no legal right and cannot satisfy the legal standing requirement to institute and maintain a foreclosure is proper subject matter for declaratory relief.

¶46. As set forth above, Defendant BB&T, as the alleged foreclosing party, was not a party to The alleged original mortgage contract document; was not named as a payee in the Note; and has failed to demonstrate any valid assignment of either the alleged Mortgage or the Note, and is thus legally precluded from instituting or maintaining a foreclosure.

¶47.  As set forth above, Defendants Branch Banking and Trust Company (BB&T), by and through its representatives, Defendants Mr. Miller, and Mr. Wright, appear to be the servicer of the alleged Note and/or Creditor, and as such cannot institute or maintain a foreclosure proceeding either directly or indirectly as an agent of Colonial Bank the fail institution.

WHEREFORE, Plaintiff demand that the court adjudge;

    (a) that Defendant BB&T has no legal standing or proper legal or Equitable interest in either the alleged Note or Mortgage to institute or Maintain a foreclosure; and

    (b) that the attempt by Defendant BB&T to conduct a foreclosure sale of the Property is legally defective and precluded from enforcement; and

    (c) that the Plaintiff recover his cost as provided by law.

## CONCLUSION

Plaintiffs has provided herein in accordance to the "Fair Debt Collection Practices Act,"(FDCPA) the "Administrative Procedure Act"(APA) the Federal Truth in Lending Act,(TILA), (RESPA), and the Freedom of Information Act (FOIA), an outline with evidence filed in the Court of Crenshaw County of Alabama, in support of Plaintiffs Complaint herein of Defendants who knowingly violated the above laws and rules of the State of Alabama and Federal laws, when they choose not to answer Plaintiff Notices of Conditional Acceptance of the alleged debt in this instant case and have no verification and Proof of alleged claims .

WHEREFORE, Plaintiff respectfully request and prays, for a review of the procedures and the scope in which Defendants Branch Banking and Trust Company (BB&T), its representative Tamara A. Stidham, (senior vice president) in 2009 and continuing, proceeded in violation of several laws to acquired the Property located in Crenshaw County Alabama, by and through Defendants Edward A.R. Miller (the collector/attorney on record), and Richard A. Wright (the collector/ attorney on record) both of the Offices of Jones, Walker LLP, 254 State Street, Mobile, Alabama 36603, Tel. 251-432-1414, Fax. 251-433-4106, who proceeded with the wrongful foreclosure in this instant case.

Plaintiff prays this Honorable Court will find just cause to remand the Defendants action in accordance with all applicable rules and laws of this Court, in favor of the Plaintiff.

Respectfully & Faithfully Submitted

By: *Melvin Lewis Sealey*
Melvin Lewis Sealey

Reserving all rights and liberties and waving none,

9-31-14
Date signed

## AFFIDAVIT OF SERVICE

I, Melvin Lewis Sealey, hereinafter Affiant, Affirm having firsthand knowledge of the facts stated herein, being competent to make these statements, does hereby state the following facts: To wit,

1. Affiant presented to, persons listed below, documents listed herein;

   A- COMPLAINT ( 15 pages including Affidavit of Service)

TAMARA A. STIDHAM (Senior Vice Pres.)
KELLY S. KING (Chief Executive Officer)
BRANCH BANKING AND TRUST
COMPANY
100 COLONIAL BANK BLVD.
MONTGOMERY, AL. 36117

EDWARD A.R. MILLER (MIL133)
JONES WALKER, LLP
RSA BATTLE HOUSE TOWER
11 NORTH WATER ST. SUITE 1200
MOBILE, ALABAMA 36602

RICHARD A. WRIGHT Esq.
JONES WALKER, LLP
RSA BATTLE HOUSE TOWER
11 NORTH WATER ST. SUITE 1200
MOBILE, ALABAMA 36602
DOE'S 1-50 being parties to be named later

On or about September 2, 2014, affiant sent this Complaint to the above address's mentioned via certified mail.

Affiant affirm the above facts to be true, correct and complete to the best of his/her knowledge And belief and hereby submits the Affidavit knowing the penalty of bearing false witness Before God and under Oath.

Date: August 31, 2014                     By: _____
                                              Melvin Lewis Sealey (Affiant)

On this August 31, 2014, Affiant Melvin Lewis Sealey did personally appear before me a Notary Public for the State of Ohio and did make and Subscribe the foregoing as his/her free act and deed and as true, correct and admissible upon his/her oath before me.

_____
Notary

                                                                                  Seal,

June 22, 2019
My Commission Expires